# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**FRANKLIN LEE BRADLEY,**

    **Plaintiff,**

v.                                         Case No.  8:13-cv-227-T-30AEP

**LORILLARD TOBACCO CORP.,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Punitive Damages (Dkt. 3) and Plaintiff's Motion to Amend Complaint (Dkt. 4).  The Court, having reviewed the motions and being otherwise advised in the premises, concludes the motion to amend the complaint should be granted and the motion for punitive damages should be denied as moot.

*Pro se* Plaintiff Franklin Lee Bradley filed a complaint against Defendant Lorillard Tobacco Company[1] in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on December 21, 2012.  The complaint appears to allege claims of negligence and product liability for Lorillard's production of tobacco products used by Bradley.  On the same day Bradley filed his complaint, he also filed a motion for punitive damages and a motion to amend his complaint.

Bradley served Lorillard on January 3, 2013.  Lorillard removed the case to federal court on January 23, 2013, and Lorillard filed its answer on January 25, 2013.  The record

---

[1] Defendant informs the Court that Bradley incorrectly identified Defendant in his complaint as Lorillard Tobacco Corporation instead of its correct distinction of Lorillard Tobacco Company.

does not reflect that Lorillard responded to either the motion for punitive damages or the motion to amend.

Rule 15(a) of the Federal Rules of Civil Procedure provides a party with a one-time right to amend a pleading within "(A) 21 days after serving it, or (b) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Bradley is entitled to amend as a matter of course because he moved to amend before serving Lorillard. Accordingly, the Court grants Bradley's motion to amend the complaint and denies as moot Bradley's motion for punitive damages because the Federal Rules of Civil Procedure do not require Bradley to specifically plead punitive damages, unlike the Florida Rules of Civil Procedure.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Amend Complaint (Dkt. 4) is GRANTED.

2. Plaintiff's Motion for Punitive Damages (Dkt. 3) is DENIED as moot.

3. Plaintiff shall file an amended complaint within fourteen (14) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on January 28, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2013\13-cv-227.mtamend.frm