**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FRANKLIN LEE BRADLEY,**

    Plaintiff,

v.                                            Case No.  8:13-cv-227-T-30AEP

**LORILLARD TOBACCO CORP.,**

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Amend Complaint (Dkt. 11), Plaintiff's Motion for Summary Judgment (Dkt. 15), and Plaintiff's Request for Production of Documents (First Set) (Dkt. 16).  The Court, having reviewed the motions and being otherwise advised in the premises, concludes the motions should be denied.

*Pro se* Plaintiff Franklin Lee Bradley filed a complaint against Defendant Lorillard Tobacco Company in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on December 21, 2012.  The original complaint appears to allege claims of negligence and product liability for Lorillard's production of tobacco products used by Bradley.

Lorillard removed the case to federal court on January 23, 2013, and Lorillard filed its answer on January 25, 2013.  The Court granted Bradley's motion to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure on January 28, 2013.  On

February 13, 2013, Bradley filed the instant three motions: a motion to amend his complaint, a motion for summary judgment, and a motion to produce documents.

A review of the docket indicates that a copy of the Court's order granting Bradley's motion to amend was returned as undeliverable, but has subsequently been resent with the correct address. An amended complaint has not yet been filed by Bradley. As such, Plaintiff's second motion to amend his complaint is moot because the Court has already granted him that relief. Bradley should file an amended complaint within fourteen (14) days of the date of this Order.

Summary judgment may only be granted when there are no genuine disputes as to any material fact. Fed. R. Civ. P. 56(a). There currently is no governing complaint and answer on the docket. As such, there has been no factual discovery at this time and a motion for summary judgment is premature. Therefore, the Bradley's motion for summary judgment is denied without prejudice as premature.

Discovery may not commence until an answer or dispositive motion has been filed on behalf of the Defendants, neither of which has occurred in this case. *See, e.g., McGee v. McCray*, 2010 WL 5102991, *1 (M.D. Ga. Dec. 7, 2010). Thus, the motion to produce documents is denied without prejudice as premature.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Amend Complaint (Dkt. 11) is DENIED as moot.

2. Plaintiff's Motion for Summary Judgment (Dkt. 15) is DENIED without prejudice as premature.

3. Plaintiff's Request for Production of Documents (First Set) (Dkt. 16) is DENIED without prejudice as premature.

4. Plaintiff shall file an amended complaint within fourteen (14) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on February 14, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2013\13-cv-227.mtamend&sj.frm