```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

FRANKLIN LEE BRADLEY,

       Plaintiff,

v.                              Case No.: 8:13-cv-227-T-33AEP

LORILLARD TOBACCO COMPANY,

       Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Pro Se Plaintiff Franklin Lee Bradley's Motion to Permit Witness Testimony by Affidavit (Doc. # 78) filed on June 5, 2014, and Lorillard Tobacco Company's ("Lorillard") Memorandum in Opposition (Doc. # 80) filed on June 23, 2014. Bradley filed a Reply (Doc. # 90) on July 11, 2014. Bradley did not obtain leave of Court to file his Reply, as required by Local Rule 3.01(c) M.D. Fla. However, the Court will consider his Reply in its analysis. For the reasons that follow, the Court denies the Motion without prejudice.

**I.  Background**

Bradley filed his negligence complaint against Lorillard in state court on December 21, 2012, alleging that his chronic obstructive pulmonary disease and other medical conditions are the result of negligence by Lorillard in manufacturing

Newport brand cigarettes. (Doc. # 2). On January 23, 2013, Lorillard removed the case to this Court on the basis of the Court's diversity jurisdiction. (Doc. # 1). On March 4, 2013, with leave of the Court, Bradley filed an Amended Complaint. (Doc. # 22).

The Amended Complaint alleges four causes of action: (1) that Lorillard "acted recklessly, willfully and maliciously by manufacturing a product that they knew was dangerous to the consumer by adding dangerous additives to their product just to boost sales," (2) Lorillard's "actions or inactions constituted a scheme, plan, or conspiracy designed to inflict pain and suffering by the use of unnecessary and excessive additives just to promote sales of its product," (3) Lorillard "knew that some of the compounds were added for physiological effects . . . but also had anesthetic effects," and (4) Lorillard "was aware of its intended purpose when they began advertising in predominately black magazines." (Id. at 7-8). Bradley seeks $15,000,000.00 in damages. (Id. at 9).

On March 15, 2013, Lorillard filed an Answer to the Amended Complaint. (Doc. # 23). The pre-trial conference for this case is scheduled for January 8, 2015. (Doc. # 28 at ¶ 3). This case is set for trial during the February 2, 2015, trial term. (Id. at ¶ 4). Bradley now seeks to permit witness

testimony at trial by affidavit and to admit his medical records into evidence. (Doc. # 78).

**II.  Legal Standard**

Rule 804 of the Federal Rule of Evidence provides an exception to the rule against hearsay in certain situations where the potential witness is unavailable. As explained in United States v. King, 713 F.2d 627 (11th Cir. 1983) "Rule 804 establishes a two-step inquiry.  First, a witness must be 'unavailable' as that term is defined in section 804(a). Second, the testimony of the unavailable witness must fall within one of the categories of admissible evidence enumerated in section 804(b).[1]

---

[1] Rule 804, Fed. R. Evid., Exceptions to the Rule Against Hearsay, states in relevant part:

When the Declarant is Unavailable as a Witness.

(a)  Criteria for Being Unavailable. A declarant is considered to be unavailable as a witness if the declarant:

    (1)  is exempted from testifying about the subject matter of the declarant's statement because the court rules that a privilege applies;

    (2)  refuses to testify about the subject matter despite a court order to do so;

3

## III. Analysis

### A. Witness Testimony

Bradley seeks leave to present the testimony of two prison guard witnesses, Officer D. Atkins and Sergeant T. Lolly, at trial via affidavit. (Doc. # 78 at 1). According to Bradley, the witnesses live and work outside of the 100-mile radius in which the Court's subpoena power is effective to procure deposition and trial testimony. (Id.). Bradley

---

(3) testifies to not remembering the subject matter;

(4) cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness; or

(5) is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure:

   (A) The declarant's attendance, in the case of a hearsay exception under Rule 804(b)(1) or (6); or

   (B) The declarant's attendance or testimony, in the case of a hearsay exception under Rule 804(b)(2), (3) or (4).

But this subdivision (a) does not apply if the statement's proponent procured or wrongfully caused the declarant's unavailability as a witness in order to prevent the declarant from attending or testifying.

4

further claims that the witnesses cannot be compelled to attend a trial to give testimony even by way of subpoena, pursuant to Federal Rule of Civil Procedure Rule 45. (Id.).

The Court agrees with Lorillard that "to the extent that [Bradley] wishes to obtain discovery from Messrs. Atkins or Lolly, he must use a discovery method that is permitted by the Federal Rules of Civil Procedure." (Doc. # 80 at 2). Rule 45 permits a witness to be deposed "within 100 miles of where that person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). However, the Court notes that the discovery deadline in this case expired on June 27, 2014. (Doc. # 25 at 1). Furthermore, Lorillard contends that pursuant to Rule 45 of the Federal Rules of Civil Procedure, an individual may be compelled to testify at trial anywhere "within the state where the person resides, is employed, or regularly transacts business in person" if the witness "would not incur substantial expense." (Doc. # 80 at 3); Fed. R. Civ. P. 45(c)(1)(B)(ii). Lorillard maintains that the witnesses are residents of Florida, and therefore can be subpoenaed to testify at trial. (Doc. # 80 at 4).

The Court finds that, at this juncture, Bradley has failed to establish that the declarants are unavailable as

5

witnesses as discussed in Rule 804 of the Federal Rules of Evidence. See Fed. R. Evid. 804; United States v. Acosta, 769 F.2d 721, 723 (11th Cir. 1985)(concluding that the appellant failed to carry his burden of proving that a witness was unavailable when he offered no evidence that he had requested that the witness testify or that the witness had refused to do so, and offered no medical testimony as to the illness of the witness's child). Therefore, the Court declines to admit affidavits from these individuals in lieu of live witness testimony at this time.

**B. Medical Records**

Bradley claims that his medical records should be admitted into evidence because they support the decision and diagnosis of his medical care providers. (Doc. # 78 at 2). However, Bradley has not described any specific document or medical report in his Motion. Bradley cites to Federal Rule of Civil Procedure 26 claiming that "these documentary medical records are admissible and thereby identifiable because they were procured through discovery from the Florida Department of Correction by way of court order by this Honorable Court." (Doc. # 87 at 5).

Lorillard counters that Bradley has offered no basis for admitting these unidentified medical records at trial. (Doc.

# 80 at 4). Bradley, on the other hand, argues that the medical records are not unidentified, because Lorillard obtained all medical records related to Bradley from the Florida Department of Corrections. (Doc. # 78 at 4).

The Court finds that Bradley has not properly identified the documents that he wishes to be admitted into evidence. Accordingly, the Court declines to admit Bradley's medical records into evidence at this time.

Therefore, the Court determines that it is appropriate to deny without prejudice Bradley's motion to permit two witnesses to testify by affidavit and his request to admit unidentified medical records at trial.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Plaintiff Bradley's Motion to Permit Witness Testimony by Affidavit (Doc. # 78) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this <u>22nd</u> day of July, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record