UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANKLIN LEE BRADLEY,

        Plaintiff,

v.                                     Case No. 8:13-cv-227-T-33AEP

LORILLARD TOBACCO COMPANY, ET AL.,

        Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Franklin Lee Bradley's Petition for Preliminary Injunction Pursuant to Fed. R. Civ. P. 65(a)(2)(Doc. # 94) and "Request for Automatic Stay; Exception(s) for Preliminary Injunction Pursuant to Fed. R. Civ. P. Rule 62(c)" (Doc. # 96), both filed on July 25, 2014. As explained below, the Court construes Bradley's "Request for Automatic Stay; Exception(s) for Preliminary Injunction Pursuant to Fed. R. Civ. P. Rule 62(c)" as a Motion for Temporary Restraining Order and denies it. In addition, the Court refers for the issuance of a report and recommendation Bradley's request for a preliminary injunction.

**I. Background**

Bradley filed his original complaint in state court against Lorillard on December 21, 2012, for "tort[i]ous negligence." (Doc. # 1). Lorillard timely removed this action pursuant to 28 U.S.C.

1

§§ 1332, 1441, and 1446 on January 23, 2013, on the basis of the Court's diversity jurisdiction. (Id.).

Bradley filed an amended complaint on March 4, 2013. (Doc. # 22). According to Bradley, he "grew up seeing ads for Newport brand cigarettes in predominantly black magazines such as Jet and Ebony magazines." (Id. at 4). Although Congress has since passed legislation limiting the advertising avenues that cigarette companies may utilize, Bradley contends that he did not have this protection as a youth. (Id. at 3-4). He alleges that he was "lured in and enticed to smoke cigarettes" and "targeted as a certain class of people." (Id. at 4-5). Bradley submits that as a result of smoking fourteen packs of Newport cigarettes per week for over thirty-five years, he suffers from chronic obstructive pulmonary disease, emphysema, and persistent asthma. (Id. at 5).

The amended complaint alleges four causes of action: (1) Lorillard "acted recklessly, willfully and maliciously by manufacturing a product that they knew was dangerous to the consumer by adding dangerous additives to their product just to boost sales," (2) Lorillard's "actions or inactions constituted a scheme, plan, or conspiracy designed to inflict pain and suffering by the use of unnecessary and excessive additives just to promote sales of its product," (3) Lorillard "knew that some of the compounds were added for physiological effects . . . but also had anesthetic effects," and (4) Lorillard "was aware of its intended

2

purpose when they began advertising in predominately black magazines." (Id. at 7-8). Bradley seeks $15,000,000.00 in damages. (Id. at 9).

On March 15, 2013, Lorillard filed an answer to the amended complaint. (Doc. # 23). On April 23, 2013, the Court entered its Case Management and Scheduling Order establishing June 27, 2014, as the discovery deadline, September 2, 2014, as the expert discovery deadline, and October 1, 2014, as the dispositive motions deadline. (Doc. # 28 at ¶ 1). The pre-trial conference is scheduled for January 8, 2015. (Id. at ¶ 3). This case is set for a jury trial during the Court's February 2, 2015, trial term. (Id. at ¶ 4).

## II. Motion for Temporary Restraining Order

At this juncture, Bradley seeks "an immediate temporary restraining order . . . prohibiting the merger/acquisition of Lorillard Tobacco Company" with R.J. Reynolds, Inc. and/or British American Tobacco Company "until the resolution of [the] mediation between the parties." (Doc. # 96 at 1). The mediation is scheduled to take place before Peter Grilli, Esq. on August 8, 2014. (Doc. # 91).

A party seeking a Temporary Restraining Order must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs any harm relief would

inflict on the non-movant; and (4) that entry of relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). As the Plaintiff, Bradley bears the heavy burden of persuasion as to each factor. Canal Auth. of Fla. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974).[1] In this case, Bradley's submission completely fails to address, and accordingly, Bradley has failed to establish, the existence of these required elements.

In addition, Local Rule 4.05, which addresses Temporary Restraining Orders, states:

> [A]ll applications for temporary restraining orders must be presented as follows:
> (1) The request for the issuance of the temporary restraining order should be made by a separate motion entitled "**Motion for Temporary Restraining Order**".
> (2) The motion must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impracticable if not impossible (Rule 65(b), Fed. R. Civ. P.)
> (3) The motion should also: (i) describe precisely the conduct sought to be enjoined; (ii) set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c), Fed. R. Civ. P.; (iii) be accompanied by a proposed form of temporary restraining order prepared in strict accordance with the several requirements contained in Rule 65(b) and (d), Fed. R. Civ. P.; and

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981, as binding precedent.

> (iv) should contain or be accompanied by a supporting legal memorandum or brief.
> (4) The brief or legal memorandum submitted in support of the motion must address the following issues: (i) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury and the reason that notice cannot be given; (iii) the potential harm that might be caused to the opposing parties or others if the order is issued; and (iv) the public interest, if any.

Here, Bradley fails to address each and every prong of the Court's requirements. The Motion is titled "Request for Automatic Stay; Exception(s) for Preliminary Injunction Pursuant to Fed. R. Civ. P. Rule 62(c)" and fails to include the words "Temporary Restraining Order" in the title of the Motion. Furthermore, the operative complaint is not verified, and Bradley has not submitted an affidavit in support of his Motion supporting that he is threatened with an irreparable injury. In addition, the Motion fails to set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c), Fed. R. Civ. P. The Motion is also deficient because Bradley has not submitted a proposed order and because Bradley has not supported the Motion with a legal memorandum addressing such required issues as the likelihood that Bradley will succeed on the merits of his claims, irreparable injury, harm to opposing parties and others, and the public interest. Thus, the Court denies the Motion for Temporary Restraining Order.

5

Also before the Court is Bradley's Petition for Preliminary Injunction (Doc. # 94). The Court refers the Motion for a Preliminary Injunction to the Magistrate Judge for the issuance of a Report and Recommendation.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Bradley's "Request for Automatic Stay; Exception(s) for Preliminary Injunction Pursuant to Fed. R. Civ. P. Rule 62(c)," which the Court has construed as a Motion for a Temporary Restraining Order (Doc. # 96) is **DENIED**.

(2) The Court hereby refers Plaintiff's request for a Preliminary Injunction (Doc. # 94) to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for the issuance of a Report and Recommendation.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of July, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record