UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANKLIN LEE BRADLEY,

       Plaintiff,

v.                        Case No.  8:13-cv-227-T-33AEP

LORILLARD TOBACCO COMPANY,

       Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Lorillard Tobacco Company's Motion to Stay its August 1, 2014, deadline to Disclose Experts (Doc. # 95), which was filed on July 28, 2014.  On August 11, 2014, Plaintiff Franklin Lee Bradley filed his "Request [for] Permission to File an Objection to the Defendant's Motion." (Doc. # 101).  Also before the Court is Bradley's Request for Court Appointed Experts (Doc. # 102), which was filed on August 11, 2014.  For the reasons that follow, Lorillard's Motion to Stay its Deadline to Disclose Experts is granted, and Bradley's Motion for Court Appointed Experts is denied.

**I.  Background**

Bradley filed his original complaint in state court against Lorillard on December 21, 2012, for "tort[i]ous negligence." (Doc. # 1).  Lorillard timely removed this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on January 23,

2013, on the basis of the Court's diversity jurisdiction. (<u>Id.</u>).

Bradley filed an amended complaint on March 4, 2013. (Doc. # 22).  According to Bradley, he "grew up seeing ads for Newport brand cigarettes in predominantly black magazines such as Jet and Ebony magazines." (<u>Id.</u> at 4).  Although Congress has since passed legislation limiting the advertising avenues that cigarette companies may utilize, Bradley contends that he did not have this protection as a youth. (<u>Id.</u> at 3-4).  He alleges that he was "lured in and enticed to smoke cigarettes" and "targeted as a certain class of people." (<u>Id.</u> at 4-5). Bradley submits that as a result of smoking fourteen packs of Newport cigarettes per week for over thirty-five years, he suffers from chronic obstructive pulmonary disease, emphysema, and persistent asthma. (<u>Id.</u> at 5).

The amended complaint alleges four causes of action: (1) Lorillard "acted recklessly, willfully and maliciously by manufacturing a product that they knew was dangerous to the consumer by adding dangerous additives to their product just to boost sales," (2) Lorillard's "actions or inactions constituted a scheme, plan, or conspiracy designed to inflict pain and suffering by the use of unnecessary and excessive additives just to promote sales of its product," (3) Lorillard

2

"knew that some of the compounds were added for physiological effects . . . but also had anesthetic effects," and (4) Lorillard "was aware of its intended purpose when they began advertising in predominately black magazines." (Id. at 7-8). Bradley seeks $15,000,000.00 in damages. (Id. at 9).

On March 15, 2013, Lorillard filed an answer to the amended complaint. (Doc. # 23). On April 23, 2013, the Court entered its Case Management and Scheduling Order establishing June 27, 2014, as the fact discovery deadline, July 11, 2014, as Bradley's expert disclosure deadline, August 1, 2014, as Lorillard's expert disclosure deadline, September 2, 2014, as the expert discovery deadline, and October 1, 2014, as the dispositive motions deadline. (Doc. # 28 at ¶ 1). The pre-trial conference is scheduled for January 8, 2015. (Id. at ¶ 3). This case is set for a jury trial during the Court's February 2, 2015, trial term. (Id. at ¶ 4). The parties mediated with Peter Grilli, Esq. on August 8, 2014, but reached an impasse. (Doc. # 100).

## II.  Discussion

Bradley failed to disclose any expert witnesses in this case and the July 11, 2014, deadline for such disclosure has expired. At this juncture, he has filed a Motion requesting that the Court appoint experts on his behalf. Bradley's

3

request is denied for myriad reasons. Federal Rule of Evidence 706 "provides the court with discretionary power to appoint an expert witness either on the court's own motion or the motion of a party." <u>Steele v. Shah</u>, 87 F.3d 1266, 1271 (11th Cir. 1996); Fed. R. Evid. 706(a).

First and foremost, Bradley's request that the Court appoint experts to aid him in the prosecution of his claims is denied as untimely because the Motion was filed well after the deadline for Bradley's expert disclosure. In addition, Bradley's request that the Court appoint experts is denied because it fails to comply with the Court's Local Rules. Bradley's Motion does not contain "a memorandum of legal authority" in support of the requested relief, as required by Local Rule 3.01(a), M.D. Fla. In addition, Bradley's Motion lacks a good faith certificate, which is required by Local Rule 3.01(g), M.D. Fla.

Bradley has neither retained nor disclosed an expert, and the Court declines to appoint one as stated above. The Court accordingly finds it appropriate to grant Lorillard's request to stay its deadline to disclose experts. As stated by Lorillard:

> Plaintiff bears the burden of proof in this case and therefore Lorillard would generally retain expert witnesses to (i) respond to the opinions of

4

> Plaintiff's experts; and (ii) offer opinions that
> are supportive of Lorillard's affirmative defenses.
> Plaintiff's failure to disclose experts in
> accordance with the Court's CMO has deprived
> Lorillard of the ability to identify and disclose
> experts in this manner, and Lorillard should not be
> forced to serve its expert witness disclosure (or
> have these experts deposed by Plaintiff) when
> Plaintiff's failure to disclose expert witnesses is
> fatal to his claim.

(Doc. # 95 at 3). The Court has considered Bradley's "Objection" to Lorillard's Motion, but finds his arguments concerning Lorillard's expert disclosure deadline to be unavailing.

The Court also takes this opportunity to advise Bradley that his "Request Permission to File an Objection to the Defendant's Motion for Stay to the August 11, 2014 Deadline to Disclose Experts, that was Filed on July 28, 2014" (Doc. # 101) is procedurally improper. Under the Court's Local Rules, "each party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request, all of which the respondent shall include in a document not more than twenty (20) pages." Local Rule 3.01(b), M.D. Fla. Thus, when Bradley elects to respond to motions filed by Lorillard, it is not necessary for Bradley to first seek the Court's leave or "permission."

Nevertheless, the Court has considered Bradley's pro se "Objection" to Lorillard's Motion and has construed it as a response to that Motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Lorillard Tobacco Company's Motion to Stay its August 1, 2014, deadline to Disclose Experts (Doc. # 95) is **GRANTED.**

(2) The Clerk is directed to terminate Plaintiff Franklin Lee Bradley's procedurally defective "Request [for] Permission to File an Objection to the Defendant's Motion" (Doc. # 101).

(3) Bradley's Request for Court Appointed Experts (Doc. # 102) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 13th day of August, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record