```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

FRANKLIN LEE BRADLEY,

       Plaintiff,

v.                            Case No. 8:13-cv-227-T-33AEP

LORILLARD TOBACCO COMPANY, ET AL.

       Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff Franklin Lee Bradley's September 3, 2014, pro se Objection. (Doc. # 108). In his Objection, Bradley requests that the Court "recall" its August 19, 2014, Order. (Doc. # 105). The Court construes Bradley's Objection as a motion for reconsideration and denies the Motion for Reconsideration as follows.

**I.**    **Background**

Bradley filed his original complaint in state court against Lorillard on December 21, 2012, for "tort[i]ous negligence." (Doc. # 1). Lorillard timely removed this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on January 23, 2013, on the basis of the Court's diversity jurisdiction. (Id.).

Bradley filed an amended complaint on March 4, 2013.

(Doc. # 22). According to Bradley, he "grew up seeing ads for Newport brand cigarettes in predominantly black magazines such as Jet and Ebony magazines." (Id. at 4). Although Congress has since passed legislation limiting the advertising avenues that cigarette companies may utilize, Bradley contends that he did not have this protection as a youth. (Id. at 3-4). He alleges that he was "lured in and enticed to smoke cigarettes" and "targeted as a certain class of people." (Id. at 4-5). Bradley submits that as a result of smoking fourteen packs of Newport cigarettes per week for over thirty-five years, he suffers from chronic obstructive pulmonary disease, emphysema, and persistent asthma. (Id. at 5).

The amended complaint alleges four causes of action: (1) Lorillard "acted recklessly, willfully and maliciously by manufacturing a product that they knew was dangerous to the consumer by adding dangerous additives to their product just to boost sales," (2) Lorillard's "actions or inactions constituted a scheme, plan, or conspiracy designed to inflict pain and suffering by the use of unnecessary and excessive additives just to promote sales of its product," (3) Lorillard "knew that some of the compounds were added for physiological effects . . . but also had anesthetic effects," and (4) Lorillard "was aware of its intended purpose when they began

2

advertising in predominately black magazines." (Id. at 7-8). Bradley seeks $15,000,000.00 in damages. (Id. at 9).

On March 15, 2013, Lorillard filed an Answer to the amended complaint. (Doc. # 23). On April 23, 2013, the Court entered its Case Management and Scheduling Order establishing June 27, 2014, as the discovery deadline, September 2, 2014, as the expert discovery deadline, and October 1, 2014, as the dispositive motions deadline. (Doc. # 28 at ¶ 1). The pre-trial conference is scheduled for January 8, 2015. (Id. at ¶ 3). This case is set for a jury trial during the Court's February 2, 2015, trial term. (Id. at ¶ 4).

On August 18, 2014, Bradley filed his "Request [for] Permission to File an Objection to Defendant's Expert Testimony Based on Unreliability, Inconsistent, Medical Findings, Mininformation, Unfair Prejudice and Confusion" (the "Request to File Objection"). (Doc. # 104). On August 19, 2014, the Court denied the Request to File Objection. (Doc. # 105). The Court explained that the Request to File Objection failed to comply with the Local Rules, specifically Local Rules 3.01(a) and 3.01(g). (Id.). In his present Objection, Bradley requests that the Court "recall" its denial of the Request to File Objection. The Court accordingly construes the Objection as a Motion for Reconsideration.

**II. <u>Legal Standard</u>**

Bradley's construed Motion for Reconsideration will be decided under Rule 59(e) of the Federal Rules of Civil Procedure because it was filed within 28 days of the Order denying the Request to File Objection. <u>Ludwig v. Liberty Mut. Fire Ins. Co.</u>, No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30, 2005).

As stated in <u>Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.</u>, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." <u>Lamar Adver. of Mobile, Inc. v. City of Lakeland</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." <u>Fla. College of Osteopathic Med., Inc.</u>, 12 F. Supp. 2d at 1308. Further, as

4

explained in Ludwig, 2005 U.S. Dist. LEXIS 37718, at *8, "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Id. at 9-10.  In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at 11. (citation omitted).

### III. Analysis

Bradley has not asserted that a change in controlling law or the availability of new evidence warrants reconsideration of the Court's Order denying the Request for Objection.  Nor does Bradley indicate that reconsideration is needed to correct clear error or manifest injustice.  Rather, Bradley contends that the Court denies "every motion filed by the Plaintiff in his cause," which "only proves that Judge Virginia M. Hernandez Covington does have a preformed prejudice and bias against the Plaintiff." (Doc. # 108 at 1).

The Court assures Bradley that it harbors no prejudice or bias against him.  The Court has neutrally applied the Local Rule and the Federal Rules of Civil Procedure in this case. The denial of Plaintiff's Motions, including his Request for Objection, results from the Court's unbiased application of the law to the facts presented, and not from any prejudice or

5

bias.

The Court accordingly denies the construed Motion for Reconsideration.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Franklin Lee Bradley's September 3, 2014, pro se Objection (Doc. # 108), which the Court construes as a Motion for Reconsideration, is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 9th day of September, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel and Parties of Record

6