UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANKLIN LEE BRADLEY,

    Plaintiff,
v.                          Case No. 8:13-cv-227-T-33AEP

LORILLARD TOBACCO COMPANY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Lorillard Tobacco Company's Motion for Summary Judgment and Memorandum of Law in Support filed on September 30, 2014. (Doc. # 113). Plaintiff Franklin Lee Bradley filed his Reply and Opposition with Memorandum of Law in Support with Exhibits to Defendant's Motion on October 15, 2014. (Doc. # 116). The Court has reviewed the materials provided by both parties and grants Lorillard's Motion.

**I. Background**

Bradley filed his original complaint in state court against Lorillard on December 21, 2012, for "tort[i]ous negligence." (Doc. # 1; See Doc. # 2). Lorillard timely removed this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on January 23, 2013, on the basis of the Court's diversity jurisdiction. (Id.).

Bradley filed an Amended Complaint on March 4, 2013.

(Doc. # 22). According to Bradley, he "grew up seeing ads for Newport brand cigarettes in predominantly black magazines such as Jet and Ebony magazines." (Id. at 4). Although Congress has since passed legislation limiting the advertising avenues that cigarette companies may utilize, Bradley contends that he did not have this protection as a youth. (Id. at 3-4). He alleges that he was "lured in and enticed to smoke cigarettes" and "targeted as a certain class of people." (Id. at 4-5). Bradley submits that as a result of smoking fourteen packs of Newport cigarettes per week for over thirty-five years, he suffers from chronic obstructive pulmonary disease ("COPD"), emphysema, and persistent asthma. (Id. at 5).

The Amended Complaint alleges the following: (1) Lorillard "acted recklessly, willfully and maliciously by manufacturing a product that [it] knew was dangerous to the consumer by adding dangerous additives to their product just to boost sales," (2) Lorillard's "actions or inactions constituted a scheme, plan, or conspiracy designed to inflict pain and suffering by the use of unnecessary and excessive additives just to promote sales of its product," (3) Lorillard "knew that some of the compounds were added for physiological effects . . . but also had anesthetic effects," and (4) Lorillard "was aware of its intended purpose when they began

2

advertising in predominately black magazines." (Id. at 7-8). Bradley seeks $15,000,000.00 in damages. (Id. at 9).

On March 15, 2013, Lorillard filed an Answer to the Amended Complaint broadly construing Bradley's causes of action. (Doc. # 23). On April 23, 2013, the Court entered its Case Management and Scheduling Order establishing June 27, 2014, as the discovery deadline, September 2, 2014, as the expert discovery deadline, and October 1, 2014, as the dispositive motions deadline. (Doc. # 28). "After Plaintiff failed to disclose any expert witnesses, Lorillard moved on July 28, 2014[,] to stay the deadline for disclosure of its experts." (Id.). Thereafter, Bradley moved for appointment of expert under Rule 706 (Doc. # 102), which this Court denied. (Doc. # 103). To date, Bradley has not disclosed a single expert witness whose opinions he intends to offer in this case. (Doc. # 113 at 3).

On September 30, 2014, Lorillard filed its Motion for Summary Judgment stating that "as a matter of law, [Bradley] cannot prove that (I) Lorillard's cigarettes were defective or (ii) caused his injuries, which are essential elements of [Bradley's] claims." (Id. at 1). Lorillard also stated that it presumed Bradley was pleading claims for "negligence, strict liability, and possibly conspiracy to sell cigarettes." (Id.

3

at 2). On October 15, 2014, Bradley filed his reply and opposition to Lorillard's Motion for Summary Judgment reiterating the claims from his Amended Complaint. (Doc. # 116). Bradley did not object to Lorillard's characterization of Bradley's causes of action. (Id.). As it is unclear from the Amended Complaint or the record as a whole, this Court will broadly construe Bradley's claims, as did Lorillard, to sound in strict liability, negligence, and conspiracy.

## II. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law.

Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel

5

Works, Inc. v. Emp'rs Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981), cert. denied, 456 U.S. 1010 (1982).

### III. Analysis

Lorillard contends that there is no genuine issue of material fact regarding Bradley's inability to prove that "Lorillard's cigarettes were defective, or that they caused [Bradley's] injuries." (Doc. # 113 at 3).

To begin, Lorillard argues that "in order to prevail, [Bradley] must prove that his use of Lorillard's cigarettes was a proximate cause of his alleged COPD." (Id. at 5). Florida law requires expert testimony to prove both medical causation and the existence of a product defect. Haggerty v. Upjohn Co., 950 F. Supp. 1160, 1168 (S.D. Fla. 1996)). Due to the fact that Bradley has not retained experts and the time to do so has long passed, Bradley "has no evidence to support either prong of these required elements of proof, and thus as a matter of law cannot meet his burden of proof." (Id.). Lorillard states that "[t]he inescapable consequence is that [Bradley] is unable to offer expert testimony to prove that

cigarette smoking generally causes COPD; that his alleged COPD was caused by smoking cigarettes manufactured by Lorillard; or that Lorillard's cigarettes were defective." (Id. at 7).

Bradley responded to Lorillard's Motion stating that he filed a civil complaint alleging acts of "[tortious] negligence, breach of duty, acted recklessly, willfully and maliciously with intent to harm, and conspired with other tobacco companies to mislead the public about the danger of smoking and targeting kids and black Americans." (Doc. # 116 at 1). Bradley further contends in his response that his medical records substantiate the claim that tobacco related disease of COPD was caused by smoking Lorillard's product. (Id. at 7).

Under Florida law, a plaintiff:

> must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.

Guinn v. AstraZeneca Pharm. LP, 602 F.3d 1245, 1256 (11th Cir. 2010); see Gooding v. Univ. Hosp. Bldg., Inc., 445 So. 2d 1015, 1018 (Fla. 1984)) (quoting Prosser, Law of Torts § 41 (4th Ed. 1971)); see also Christopher v. Cutter Labs., 53 F.3d

1184, 1191 (11th Cir. 1995) (further discussing the Florida standard for proving causation).

Product liability cases under Florida law require proof of two things: (1) the product is defective and (2) the defect caused plaintiff's injury. R.J. Reynolds Tobacco Co. v. Brown, 70 So. 3d 707, 717 (Fla. 4th DCA 2011); Liggett Grp., Inc. v. Davis, 973 So. 2d 467, 475 (Fla. 4th DCA 2007) (citation omitted). Likewise, to prevail on a negligence claim, a plaintiff ordinarily has to prove four elements: duty of care, breach of that duty, causation and damages. R.J. Reynolds Tobacco Co., 70 So. 3d at 717.

Bradley also appears to challenge some of Lorillard's marketing and advertising techniques. (Doc. # 116 at 2); see Grills v. Philip Morris USA, Inc., 645 F. Supp. 2d 1107, 1118 (M.D. Fla. 2009). Specifically, in doing so, Bradley faults manufacturers for generally failing to disclose the health risks of smoking and the addictive properties of nicotine to consumers. However, this claim does not sound in fraud, and, instead, is more properly categorized as a failure to warn or warning neutralization claim, sounding in negligence as addressed above. (Id.); see Grills, 645 F. Supp. at 1118.

Despite Bradley's claims, he has presented no evidence supporting a claim based on product defect, under either a

negligence or a strict liability theory. Bradley's statements that his illness was caused by Lorillard products amounts to mere speculation. Under either theory, Bradley would be required to provide expert testimony that the product was defective and evidence that the product caused the injury of which he complains. Blinn v. Smith & Nephew Richards, Inc., 55 F. Supp. 2d 1353, 1361 (M.D. Fla. 1999). Bradley offers no evidence that Lorillard's cigarettes were defective and no evidence that it was Lorillard's products that caused his damages. Without any evidence as to these two elements, and no expert testimony as to such claims, there is no genuine issue of material fact and thus no trier of fact could find for Bradley. Therefore, summary judgment will be granted as to Bradley's claims for negligence and strict liability. Id.

Bradley further argues that "Lorillard's actions or inactions constituted a scheme, plan, or conspiracy designed to inflict pain and suffering by the use of unnecessary and excessive additives just to promote sales of its product." (Doc. # 113 at 2). Lorillard states that "a conspiracy is an agreement by two or more persons to commit a wrongful act." (Doc. # 113 at 2); citing Kurnow v. Abbot, 114 So. 3d 1099, 1101 (Fla. 1st DCA 2013). Lorillard argues that the only party that remains in this action is Lorillard and because Bradley

9

has not alleged that Lorillard conspired with any other individual, any potential claim for conspiracy must fail. (Doc. # 113 at 2). The Court agrees. Here, Bradley has failed to allege or prove through admissible evidence that Lorillard conspired with any other individual or entity. The record does not support Bradley's vague claim as to conspiracy and therefore it fails as a matter of law. The Court accordingly grants Lorillard's Motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Lorillard Tobacco Company's Motion for Summary Judgment and Memorandum of Law in Support (Doc. # 113), is **GRANTED.**

(2) The Clerk is directed to enter judgment in favor of Defendant and against Plaintiff.

(3) After judgment is entered, the Clerk is thereafter directed to close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>5th</u> day of November, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel and Parties of Record